UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KORINNA M. STEPHENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos.: 3:20-CV-95-TAV-DCP |
| | ) 3:17-CR-91-TAV-DCP-3 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner Korinna M. Stephens has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 744; Case No. 3:20-cv-95 ("Civil Case"), Doc. 1].[1] The government has responded in opposition [Civil Case, Doc. 5], and petitioner has replied [Civil Case, Doc. 7]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 744; Civil Case, Doc. 1] will be **DENIED**.

**I.     Background**

On July 25, 2018, petitioner entered a guilty plea to one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846,

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

841(a)(1), and 841(b)(1)(A) [Docs. 398, 420]. As part of the plea agreement, petitioner admitted that she had a prior felony drug conviction, resulting in the applicability of an enhanced sentence [Doc. 398 ¶ 1]. As part of the factual predicate for the plea agreement, petitioner agreed that she conspired to distribute at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine [*Id.* ¶ 4(i)]. Petitioner further acknowledged that the government had made no promises to her as to what her sentence would be, and any estimates or predictions by defense counsel or other persons were not binding [*Id.* ¶ 6].

In consideration for the concessions the government made in the plea agreement, petitioner agreed to waive her right to file a direct appeal, unless appealing a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater [*Id.* ¶ 10(a)]. Further, petitioner agreed to waive her right to file any motion pursuant to § 2255 or otherwise collaterally attack her conviction or sentence, unless based on grounds of prosecutorial misconduct or ineffective assistance of counsel [*Id.* ¶ 10(b)].

The initial presentence investigation report ("PSR") calculated petitioner's total offense level as 34 [Doc. 638 ¶ 113]. Specifically, the initial PSR calculated a base offense level of 36 based on a drug quantity of at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine, but ultimately, relied upon a base level of 37, because petitioner qualified as a career offender under the guidelines [*Id.* ¶¶ 104, 110]. After a 3-level reduction for acceptance of responsibility, petitioner's total offense level was 34 [*Id.* ¶¶ 111–113]. Petitioner was classified as a career offender based on four prior

convictions for delivery of a Schedule III controlled substance dihydrocodeine and one prior conviction for aggravated robbery [*Id.* ¶¶ 123, 133]. Petitioner had 13 criminal history points, resulting in a criminal history category of VI, and a category of VI applied under the career offender guideline [*Id.* ¶¶ 137–138]. Based on an offense level of 34 and criminal history category VI, the initial PSR calculated petitioner's guideline range as 262 to 327 months' imprisonment [*Id.* ¶ 161].

Petitioner filed objections unrelated to her guideline calculations [Doc. 677]. A revised PSR was prepared but did not change petitioner's guideline imprisonment range [Doc. 684 ¶ 161]. Upon motion of the government [Doc. 691], the Court granted a downward departure and sentenced petitioner to a term of 180 months' imprisonment [Docs. 709, 710].

In her § 2255 motion, petitioner contends that her counsel was ineffective in (1) failing to challenge her career offender enhancement under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019); (2) failing to object to the drug quantity in the PSR and failing to advise her of other errors in the PSR; and (3) failing to consult with her about an appeal [Doc. 744, pp. 14–16; Civil Case, Doc. 1, pp. 14–16].

The government responds that counsel was not ineffective in not anticipating the Sixth Circuit's *Havis* decision, which, the government contends, was an "abrupt change" from precedent [Civil Case, Doc. 5, pp. 3–4]. The government also argues that petitioner's counsel was not ineffective in failing to object to the drug quantity used to calculate the guidelines range, because, contrary to petitioner's assertion, she specifically admitted that

3

drug quantity in her plea agreement, and, further, her guideline range was not based on any drug quantity, but on her career offender classification [*Id.* at 5–6]. Finally, the government argues that petitioner's counsel was not ineffective for failing to consult with her about a possible appeal, because there was no basis to suspect that petitioner might want to appeal, and petitioner has not alleged that she requested an appeal [*Id.* at 6–7].

Petitioner replies that her counsel should have been aware of developing law that could have affected the outcome of her case, and, while *Havis* was far off at the time she pled guilty, by the time of her sentencing, a diligent lawyer would have been aware of the pending case, as *Havis* was decided within 60 days of her sentencing [Civil Case, Doc. 7, p. 1]. She contends that, had she been aware of the pending *Havis* case, she would have requested a continuance of her sentencing hearing [*Id.* at 1–2].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that she is entitled to relief by

4

a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, she must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the

5

prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

**III. Analysis**

    **A. Havis**

Petitioner argues that the Sixth Circuit ruled in *Havis* that the delivery of drugs under Tennessee law no longer qualified as a career offender predicate [Doc. 744, p. 14; Civil Case, Doc. 1, p. 14]. Accordingly, she contends that she should not have been classified as a career offender under *Havis* [*Id.*]. Petitioner states that counsel should have been aware of the potential upcoming changes in the law [*Id.*]. In her reply brief, petitioner contends that if counsel had made her aware of the pending *Havis* decision, she would have requested a sentencing continuance [Civil Case, Doc. 7, p. 2].

In *Havis*, the Sixth Circuit, sitting *en banc*, held that the Sentencing Guidelines' definition of a "controlled substance offense" does not include attempt crimes. 927 F.3d at 387. The Sixth Circuit noted that the commentary to § 4B1.2(b) of the Guidelines stated that attempt crimes qualified as a "controlled substance offense." *Id.* at 385 (citing U.S.S.G. § 4B1.2(b), comment. (n.1)). However, the Circuit also noted that the plain language of § 4B1.2(b) itself did not include attempt crimes. *Id.* (citing U.S.S.G. § 4B1.2(b)). The Sixth Circuit ultimately concluded that the Sentencing Commission could not amend the language of the guideline through the commentary, and therefore, the Commission's use of the commentary to add attempt crimes to the definition of a

6

"controlled substance offense" deserved no deference, but rather, the text of the guideline itself controlled. *Id*. at 387.

First, as petitioner herself appears to acknowledge in her reply brief [Civil Case, Doc. 7, pp. 1–2], counsel's failure to anticipate a change in the law is not constitutionally deficient performance. *See Alcom v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) ("errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel"); *Robinson v. United States*, 636 F. Supp. 2d 605, 613 (E.D. Mich. 2009) (holding that counsel was not constitutionally deficient in failing to anticipate the Supreme Court's ruling that the Sentencing Guidelines are not mandatory). Petitioner has provided no indication that her counsel was, or should have been, aware of the pending *Havis* appeal, nor any reason that counsel should have anticipated the change of law encompassed by *Havis*. Accordingly, petitioner has not met her burden of establishing that her counsel's performance was constitutionally deficient in failing to seek a sentencing continuance until after the Sixth Circuit's *en banc* decision in *Havis*.

Moreover, even if counsel should have anticipated the Sixth Circuit's *Havis* decision, and even if the Court would have been willing to continue petitioner's sentencing hearing pending the *Havis* decision, petitioner still suffered no prejudice, as *Havis* would not have impacted her career offender classification. Petitioner contends that, in *Havis*, the Sixth Circuit "ruled that a conviction for delivery of drugs under TCA 39-17-402 is insufficient for career offender predicate offense" [Civil Case, Doc. 1, p. 14]. However, *Havis* only held that *attempted* delivery of a controlled substance could not qualify as a

7

career offender predicate offense. 927 F.3d at 386–87. And petitioner's prior drug convictions were for delivery of a controlled substance, not *attempted* delivery of a controlled substance [Doc. 684 ¶ 123]. Accordingly, even if petitioner's sentencing had been continued pending the Sixth Circuit's *Havis* decision, petitioner's prior drug offenses would still qualify as career offender predicates, and therefore, petitioner was not prejudiced by any deficient performance. Because petitioner has not established either prong of *Strickland*, this claim will be **DENIED**.

B.  **PSR Objections**

In her second claim, petitioner contends that, when she reviewed her PSR she "noticed alot [sic] of errors" [Doc. 744, Civil Case, Doc. 1, p. 15]. She contends that the guideline range was higher than what she was previously "told," and the drug weight was higher than what she agreed [*Id.*]. She contends that counsel acknowledged these errors and said he would have the PSR fixed, but that it would not affect her sentencing, in light of the ACCA[3] [*Id.*].

First, to the extent that petitioner contends that the PSR calculated her guideline range based on an erroneous drug quantity, such claim is belied by the record. The PSR calculated a base offense level of 36 based on a drug quantity of at least 1.5 kilograms but less than 4.5 kilograms of methamphetamine [Doc. 638 ¶ 104]. Petitioner contends that she only agreed to a drug quantity of at least 500 grams but less than 1.5 kilograms of

---

[3] Given the record, it appears likely that petitioner is referring to the career offender guideline, not the Armed Career Criminal Act.

8

methamphetamine [Civil Case, Doc. 1, p. 15]. However, in the plea agreement, which petitioner signed, petitioner agreed that she conspired to distribute at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine [Doc. 398 ¶ 4(i)]. Accordingly, because petitioner agreed to the drug quantity used in the PSR, counsel had no grounds to object to the PSR's use of this drug quantity. And "[t]he failure to raise a meritless claim does not constitute ineffective assistance of counsel." *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020). Moreover, even if counsel was somehow deficient in failing to object to the drug quantity in the PSR, petitioner suffered no prejudice, as her guideline calculations were ultimately calculated based on her career offender status, not her drug quantity [*See* Doc. 638 ¶¶ 110, 161]. And, further, to the extent that petitioner complains about counsel's advice that her guideline range would not be impacted by the drug quantity, due to her career offender status, such advice was correct and cannot be deemed deficient performance.

Next, to the extent that petitioner contends that her counsel was ineffective in failing to object to a guideline calculation that was higher than what petitioner was "told" by an unspecified person, petitioner has stated no grounds for objecting to the guideline calculation, other than the drug quantity, as discussed *supra*. Moreover, pursuant to Federal Rule of Criminal Procedure 11 and the Court's standard practice, the Court confirmed that petitioner's counsel had discussed the possible application of the guidelines to her case but advised petitioner that the Court would not be able to determine an appropriate sentence until the PSR was calculated, and petitioner would not be permitted

9

to withdraw her plea in light of the ultimate sentence. Given these warnings, and petitioner's election to nonetheless plead guilty, the Court finds that petitioner was on notice that any estimates of her guideline range were not binding on the Court, and therefore, the fact that her guideline range was ultimately higher than she anticipated would not have been a ground for counsel to object to the PSR's guideline calculation. Accordingly, petitioner has not established that counsel performed deficiently as to this ground.

Further, to the extent that petitioner contends that there were other, unspecified errors in the PSR that counsel should have raised, such a claim, without more detail, is too conclusory to establish that counsel was ineffective. Accordingly, petitioner's claim relating to counsel's failure to object to the PSR will be **DENIED**.

### C. Appeal

Finally, petitioner contends that her counsel was ineffective in failing to consult with her about the possibility of filing an appeal [Doc. 744, p. 16; Civil Case, Doc. 1, p. 16]. She contends that counsel never discussed an appeal with her, and only mentioned that that the appeals court would potentially address an issue that might apply retroactively to her [*Id.*]. She argues that, if counsel had made her aware of any other possible appeal, she would have wanted to appeal [*Id.*].

The law controlling in the Sixth Circuit is clear:

Despite the waiver [of appeal rights in a plea agreement] if counsel had ignored the defendant's *express* instruction to file an appeal, such action "amounts to a per se violation of the Sixth Amendment, and thus regardless of the merits of [defendant's] substantive claims" [s]he would be entitled to

10

> relief under § 2255, if the district court determined on remand that there was an "actual request for an appeal."

*Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (emphasis added); *see also Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015).  This rule is premised on the fact that a defendant who instructs counsel to initiate an appeal "reasonably relies upon counsel to file the necessary notice" and counsel's failure to do so cannot be considered a strategic decision.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  However, when a defendant does not expressly request that counsel file an appeal, counsel only has a constitutional duty to consult with a defendant about an appeal when there is reason to think "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." *Id.* at 480.

Petitioner does not allege that she asked counsel to file an appeal on her behalf or otherwise indicated any interest in an appeal.  Accordingly, to meet her burden on her claim that counsel was ineffective in failing to consult with her about the possibility of an appeal, she must show that there was reason to believe that a rational defendant would have wished to appeal under the circumstances.  *See id*.  Notably, petitioner has made no argument that a rational defendant in her circumstances would have wished to appeal, and therefore, she has not met her burden of establishing that her counsel performed deficiently.  However, even considering the underlying facts, the Court does not find that there was reason to believe that a rational defendant would wish to appeal, such that counsel should have consulted with petitioner about an appeal.  Petitioner pleaded guilty to the offense of

11

conviction, no objections were raised to the PSR, and petitioner ultimately received a sentence well below the guideline range. Further, petitioner waived her right to appeal as part of her plea agreement [Doc. 398 ¶ 10(a)]. Given these facts, and absent any indication from petitioner that she wished to appeal, counsel has no reason to believe that petitioner would have been interested in appealing, and therefore, had no obligation to consult with petitioner about an appeal. Accordingly, petitioner's claim on this ground will be **DENIED**.

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and her motion to vacate, set aside or correct sentence [Doc. 744; Civil Case, Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE